## STATE BANK OF ORANGE GROVE v. WILLIAMS.  (No. 6894.)

(Court of Civil Appeals of Texas.  San Antonio.  Feb. 28, 1923.  Rehearing Denied May 16, 1923.)

Brokers ⬉64(1)—Right to commissions dependent on consummation of sale not lost by purchaser's subsequent default in payment of purchase-money notes.

Notes for broker's commission conditioned upon the consummation of the sale for which the commission was given were not defeated by the subsequent failure of the purchaser, after receiving deed, to pay his notes given for the purchase price.

Appeal from Nueces County Court; H. R. Sutherland, Judge.

Action by the State Bank of Orange Grove against T. Z. Williams. From judgment for defendant, plaintiff appeals. Reversed and rendered.

Perkins & Floyd, of Alice, for appellant.
E. B. Ward, of Corpus Christi, for appellee.

COBBS, J.  Appellant sued appellee to recover $440 on an alleged promissory note dated August 14, 1920, with 8 per cent. interest from November 1, 1920, with 10 per cent. attorneys' fees. The note was executed by appellee payable to the order of W. G. Lee, which for a valuable consideration was transferred to appellant.

There was a prayer in the alternative for recovery upon the quantum meruit, if for any reason there could be no recovery on the note.

The defense to the note was a plea of non est factum, that it was a forgery, that it had been materially altered since its execution, and further was not to become effective ex-

cept upon the happening of a certain contingency specified in the writing upon the back of the note, at the time of its execution.

The case was tried by the court without a jury, who entered judgment in favor of appellee.

There is an apparent conflict in the findings of the court, but from the view we take of this case they are unimportant.

The alleged indorsement was inadvertently made on a separate blank form of note and not indorsed upon the note sued on. The indorsement is as follows:

"This note is a commission note on sale August 14, 1920, T. Z. Williams to W. L. Butler on 120 acres of land, the first payment on which is due November 1, 1921. In the event this sale is not consummated through failure or agreement it shall be null and void, and there will be no commission due J. O. Moore for making said sale. Signed this the 14th day of August, 1920.   [Signed] J. O. Moore, T. Z. Williams."

In respect to the manner in which the indorsement was made, the court found as follows:

"* * * At the time said note was given, the said Williams in an attempt to write the indorsement upon the back of said note wrote the same upon the back of a blank note, which was attached to the back of the note executed by Williams and payable to Lee, and the two notes were stuck together by some paste; that the said Williams in making out said note was writing upon a pad of blank notes and when by attempt to detach the note written upon, he detached two notes from the pad of blank notes and wrote the indorsement upon the back of the second note."

There was a sharp conflict in the evidence in respect to the condition connected with the delivery of the notes due W. G. Lee and J. O. Moore as to their commission on the sale of land. They called upon appellee several days after the purported sale for their commission and testify appellant said he did not know whether the sale had been consummated, that he left the papers with his attorney to investigate the collateral which was a deed of trust on 270 acres in Comanche county, and that as soon as his attorney passed on the titles he would pay the commission, which amounted to $880, but said, "For convenience you can just execute two notes," whereupon Moore said: "If they do not pass, you do not owe us anything; if the deal is not consummated, you do not owe us anything." At Moore's suggestion the memorandum was dictated by him, and Lee wrote the same supposedly upon the back of each note. He wrote Moore's note first and tore it off the pad of blank notes and then wrote his, but in tearing off his, a blank note adhered that was unknown to him at the time, so it was not written on the note itself. Some

time thereafter, in June, the blank upon which the indorsement was written came off and was lost.

Appellee's contention is that under the agreement he was not obligated to pay anything unless Butler, the purchaser, should pay his note due the 1st of November. The trade with Butler and appellee was thereafter fully consummated.

The deed was offered in evidence as executed by T. Z. Williams to W. L. Butler, being the sale upon which the commission was alleged to be due, and the consideration thereof recites as follows:

"I, T. Z. Williams, of the county of Hays, state of Texas, for and in consideration of the sum of ten thousand ($10,000.00) dollars, to me in hand paid by J. B. Butler as follows, to wit: The sum of three thousand ($3,000.00) dollars, evidenced by a lien on the land hereinafter described, together with interest as therein provided accruing after November 1, 1920, which the grantee herein assumes and obligates himself to pay as a part of the consideration hereof, and seven thousand ($7,000.00) dollars, evidenced by two notes of even date herewith for the principal sum of three thousand, five hundred ($3,500.00) dollars, each, due and payable on or before November 7, 1921, and 1922, and each providing for interest at the rate of seven per cent. per annum and eight per cent. after maturity and providing that the failure to pay any interest or principal when due, shall, at the election of the holder mature all of said indebtedness, and providing for the usual ten per cent. attorney's fees. And a vendor's lien is herein expressly retained to secure the payment of all of the above and foregoing indebtedness, which is also secured by a deed of trust on the hereinafter described land and other lands in said deed of trust described, and this deed shall not become absolute until the same is fully paid."

The deed was dated August, 1920, and duly filed for record the 10th day of August, 1920.

Appellee testified:

"Yes, Mr. Moore offered me $500 to extend this note for one year. He offered me that over the phone. I was in San Marcos and he was here. No, sir; I did not accept it. Yes, I sold some of that land for oil purposes and received $600 for 20 acres, at the rate of $30 per acre for a royalty in the land and not the deed. Yes, I got the money. As to when I made that sale, you will have to get the record for that. It was long after this transaction, and Butler had failed, and I had foreclosed on the land. I do not know just how you lawyers term that. Yes, on default of payment by Butler the land went back to me. I suppose he deeded it back to me. No, sir; it is not a fact I was excited over the oil prospects out there. That is not a fact; no, sir. No, sir; it is not a fact I was very anxious to get this land back and did not want Butler to pay this note. This is not a fact. Yes, it is a fact I refused $500 option on it, or $500 to extend the note. I had more interest due than that. Mr. Butler at that time never told me he could not pay the interest. $500 was nothing. The interest on this note amounted to more than that. Mr. Butler had indicated to me he did not think he could pay it. I paid the taxes on the land for the year Mr. Butler had it. Mr. Butler received the rent for the land for that year. At that time there was a little seed. Mr. Butler had gathered the crop and disposed of it all but the seed, amounting to $14, and I collected that."

We see nothing in this indorsement ambiguous, needing parol evidence to explain, or that rendered it noncollectable in case Butler never paid his obligation. It is undisputed that the note represented the commission on the sale of land, not for any failure on the part of Butler to comply with his obligation. No attempt was made to reform the contract, so as to show that the language of the indorsement placed therein was done through mutual mistake or fraud and did not express the true contract that the note was not to be paid unless Butler paid his note, carried out his obligations, and completed his purchase. The proof shows the sale was consummated, therefore Lee earned his commissions. The appellee cannot be heard after completing the sale and securing the benefits thereunder, and after foreclosure of the deed of trust, thereby securing the property itself, specifically performing the contract of sale with Butler, deny his obligation to pay, which he was to do in the event the sale is consummated.

It is true the court made no findings of these plain facts above set out in the statement of facts that largely controls this case, but did find that the appellant was an innocent purchaser of the obligation, but he would have been had the indorsement remained thereon and not been lost. The facts do not justify a finding of any fraud, forgery, or material change of the note. From the view we take of this case the court erred in rendering judgment for the appellee.

For the reasons given we sustain all the assignments of error presented by the appellant and reverse the judgment of the trial court and here render judgment for appellant for the amount of the note sued on, interest, and attorney's fees.

Reversed and rendered.